## THE PEOPLE ex rel. DE FRIES v. THE SUPERVISORS OF MARIN COUNTY.

The provision of the statute organizing boards of supervisors, which empowers them to "require new bonds of any county or township officer, with additional securities *whenever they deem the same necessary,*" does not leave the exercise of the power to their arbitrary discretion. By the terms "whenever they deem the same necessary," is meant whenever their judgment pronounces, after an examination of the facts of the case, that there is a necessity for further security.

In determining upon the sufficiency of the bond of an officer, and whether the officer, by his failure to comply with the requisition of the supervisors to file a new bond, has vacated his office, the supervisors exercise powers of a judicial character.

An order of the supervisors, requiring a new bond of an officer, should specify the ground upon which the order is made; and where the supervisors of Marin county made an order as follows: "Ordered, by the board of supervisors, that John De Fries, constable of San Rafael township, file another bond, with two or more sufficient sureties, within fifteen days:" *Held,* that the order was fatally defective.

The power to declare an office vacant is vested, under the statute, where the duty to approve of the bond of the officer is lodged. That duty is imposed upon the County Judge, and not the supervisors; and where the supervisors of Marin county declared the office of constable vacant, because the constable failed to comply with their order to file a new bond: *Held,* that they exceeded their jurisdiction.

The District Judge has power to issue writs of *certiorari,* and to hear them on their return, at chambers.

No undertaking on appeal is necessary when the appeal is taken by the county. The board of supervisors represent the county in legal proceedings.

APPEAL from the District Court of the Seventh Judicial District, County of Marin.

The facts of the case sufficiently appear in the opinion of the Court.

*Attorney-General* for Appellants.

*Walter Skidmore* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

At the general election in September of the year 1857, the relator was elected constable for the township of San Rafael, in the county of Marin, and in October following he gave the bond required by statute, and entered upon the duties of his office.

On the second of November, the board of supervisors, by its order, required the relator to file a new bond within fifteen days. This the relator neglected to do, and on the sixteenth of December the board declared his office vacant, and appointed another person constable in his place. On the same day, the relator offered a new bond, and moved the board to reconsider its order limiting him to fifteen days, and permit him to file the bond then. This motion was denied, and the relator thereupon applied to the District Judge of the district for a writ of *certiorari* to review the action of the board. The writ was issued, and on its return, the District Judge, at chambers, examined the proceedings, and adjudged that the board, in declaring the office of the relator vacant, exceeded its jurisdiction, and that the order be annulled. From this judgment the appeal is taken.

The statute provides that the writ of *certiorari* "shall be granted in all cases where an inferior tribunal, board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer, and there is no appeal, nor, in the judgment of the Court, any plain, speedy, and adequate remedy," (Practice Act, § 456,) and the first question presented is, whether the board of supervisors, in requiring a new bond of the relator, and in declaring his office vacant upon his failure to comply with the requisition, exercised any "judicial functions." The statute organizing boards of supervisors, empowers them to "require new bonds of any county or township officer, with additional securities, whenever they deem the same necessary." (See Wood's Digest, 695.) This provision, notwithstanding its broad terms, does not leave the exercise of the power to the arbitrary discretion of the supervisors, without notice to the officer or any examination into the insufficiency of the former security. Their action is to be governed by a consideration of the form of the original bond and the responsibility of the obligors. By the terms, "whenever they deem the same necessary," is meant whenever their judgment pronounces, after an examination of the facts of the case, that there is a necessity for further security.

We are of the opinion that, in determining upon the sufficiency of the bond, and whether the relator, by his failure to comply with their requisition, had vacated his office, they were exercising powers of a judicial character. They were passing upon matters not subject to their mere discretion, but which concerned the rights of the relator, and to which he was entitled to insist the law should be strictly applied. (Downer *v.* Lent, 6 Cal., 94 ; People *v.* Supervisors of El Dorado county, 8 Cal., 58.)

The next question presented is, whether the board, in its action, exceeded its jurisdiction. The order requiring the relator to give a new bond, is as follows : " Ordered, by the board of supervisors, that John De Fries, constable of San Rafael township, file another bond, with two or more sufficient sureties, within fifteen

days." This order is fatally defective in not stating the ground upon which it was made. For aught that appears, the bond may have been regular in form, and may have been executed by responsible sureties. As we have already observed, the requisition of a new bond does not rest in the arbitrary discretion of the supervisors. Officers are not to be subjected to the annoyance of procuring new sureties upon the mere caprice of the board, and though it is quite possible that, in the present case, the board acted upon good and sufficient reasons, yet as none are disclosed, the order is without support.

But, aside from this consideration, there is a fatal objection to the jurisdiction of the board. The first section of the act of May, 1853, concerning sureties on official bonds, provides that "whenever it shall be shown by the affidavit of a credible witness, duly filed, or presented to any Court, Judge, board, officer, or person, whose duty it is to approve the official bond of any officer, that the sureties thereon, or any of them, have, since such bond was approved, died, removed from the State, become insolvent, or from any other cause have become incompetent or insufficient sureties on such official bond, it shall be the duty of such Court, Judge, board, officer, or person, to issue a citation to such officer, requiring such officer, on a day therein named, not less than three nor more than ten days after date, to appear and show cause why such office shall not be vacated; which citation shall be served and return thereof made, as in other cases. If said officer shall fail to appear and show good cause why such office should not be vacated, on the day named, or shall fail to give ample additional security, it shall be the duty of such Court, Judge, board, officer, or person, to make an order vacating such office, and the same shall be filled by election or appointment, as provided for by law."

From this section, it appears that the power to declare an office vacant is vested where the duty to approve of the bond of the officer is lodged. No duty to approve the bond of county officers is imposed upon the supervisors, nor are they even authorized to give such approval. That duty belongs to the County Judge, and of course the power to declare a vacancy is only with him. (Act of 1850 concerning Official Bonds, § 1.)

The objection to the judgment, as having been rendered by the District Judge at chambers, is answered by the twenty-fifth section of the Act concerning Courts of Justice, (Wood's Digest, 151;) and the objection that there is no undertaking on appeal, is answered by the act of 1856 concerning appeals in certain cases.

Judgment affirmed.