# J. E. MILLER *v.* THE BOARD OF SUPERVISORS OF SACRAMENTO COUNTY.

CERTIORARI.—The amended Constitution confers upon the Supreme Court original jurisdiction to issue writs of certiorari.

OFFICIAL BONDS.—In the matter of the approval of the bonds of officers, Boards of Supervisors exercise judicial functions.

RESIGNATION OF OFFICE.—One who has been elected to an office cannot resign the same until the time has arrived when he is entitled by law to possess the same, and he has taken the oath and given the required bond, and entered upon the discharge of its duties.

SAME.—An attempt by one elected to an office to resign the same before he has qualified and entered upon the discharge of its duties, is abortive and ineffectual.

REJECTION OF OFFICIAL BONDS.—A Board of Supervisors has no jurisdiction to reject an official bond, except for the reasons that it is not in form and substance in compliance with the requirements of the statute, or is not executed by sufficient and responsible sureties ; and the Supreme Court will review on certiorari and

annul an order of a Board rejecting a bond for any other than one or more of said reasons.

CERTIORARI to the Board of Supervisors of Sacramento County.

The facts are stated in the opinion of the Court.

*H. H. Hartley,* for Petitioner.

*Upton* and *Estee,* for Respondent.

By the Court, CURREY, J.

The petitioner, John E. Miller, was elected at the general election of the year 1863 to the office of Public Administrator of Sacramento County, for the term to commence on the first Monday of March, 1864, and a certificate of his election was duly issued to him by the proper officer.   On the first Monday of March, 1864, before Miller had taken the oath of office or executed the proper bond, with sureties, he tendered, in writing, to the Judge of the County Court of the county, his resignation of the office to which he had been elected, which was accepted by such Judge, and by him transmitted to the Board of Supervisors, and the same was placed on file with the Clerk of the Board.   Afterward, on the 15th of March, the petitioner gave notice, in writing, to the Supervisors that he withdrew his resignation, and at the same time exhibited to them proof that he had duly taken the official oath required by law, and tendered to the Board his official bond, executed in the amount and form prescribed by law, which was received and filed with the Clerk of the Board.   The Board met on the 5th of April, and proceeded to consider the matter in relation to the resignation of Miller; and, upon motion of one of its members, the same was in form accepted, and so entered in the minutes of their proceedings; and on the following day the Board met again and rejected the bond, for reasons specially assigned.   The reasons so assigned were not because the bond was not in substance and form in compliance

Miller v. Board of Supervisors of Sacramento County.

with the requirements of the statute in such cases made and provided, nor because the sureties were not sufficient and responsible; but, in effect, because the petitioner had resigned the office.   Immediately before the petitioner gave the Board notice of his withdrawal of his resignation he applied to the County Judge and requested to be permitted to withdraw his resignation, and the Judge consented thereto and advised him that, as his resignation had been transmitted to the Board of Supervisors, to notify the Board of his withdrawal of it.

In the petition presented to this Court, the petitioner complains that the Board of Supervisors, by their action rejecting the bond for the reasons by them assigned, acted in violation of law and exceeded their jurisdiction, to the manifest injury of the petitioner; and he therefore prays this Court to order that a writ of certiorari be issued to said Board to certify up to this Court for review their records and proceedings in the premises, that this Court may render such judgment concerning the matter as may be proper in the case.

This writ was granted without any prejudice to any defense the Board of Supervisors might have made upon the return of an order to show cause why the writ should not be granted. The Board has caused to be certified and brought before the Court all their proceedings; and upon the record thus made up it is maintained, on behalf of the Supervisors:

First—That this Court has not jurisdiction to grant a writ of certiorari, except in aid of its appellate jurisdiction.

Second—That if the Court has such jurisdiction, the case exhibited by the record does not show that the Board of Supervisors exceeded their jurisdiction by performing the acts of which the petitioner complains.

I. The Constitution as amended provides that the Supreme Court shall "have power to issue writs of mandamus, certiorari, prohibition and habeas corpus, and also all writs necessary or proper to the complete exercise of its appellate jurisdiction." (Art. VI, Sec. 4.)   This section of the Constitution as it stood before it was amended, after enumerating the appellate powers of the Supreme Court, provided that it

should have power to issue all writs and process necessary to the exercise of its appellate jurisdiction. The change effected by the amendment seems to have been designed to enlarge the powers of the Court by conferring upon it original jurisdiction in the particulars specified in the fourth section of the Sixth Article. The language of this section is too clear and explicit to leave it open to any other construction, however much the Court might be disposed to decline this new jurisdiction, in view of the inconveniences and embarrassments that may attend its exercise. (*Tyler* v. *Houghton,* 25 Cal. 26.)

II. The main point in the case is involved in the second objection, namely : that from the record certified to this Court it does not appear that the Board of Supervisors exceeded their jurisdiction in accepting the resignation of the petitioner and in the rejecting of his bond filed with the Board.

The writ of certiorari shall be granted in all cases where an inferior tribunal, Board, or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, Board, or officer, and there is no appeal, nor in the judgment of the Court any plain, speedy, and adequate remedy. This is so provided by the four hundred and fifty-sixth section of the Practice Act; and the only question to be considered under the authority of this statute is, whether the case presented by the record before us embodies the elemental conditions authorizing the issuing of the writ in the first place ; and the giving of judgment, either affirming, annulling, or modifying the proceedings of the Board, in the second place ; for the power of review possessed by the Court in this case cannot be extended further than to determine whether the Board has regularly pursued its authority, (Practice Act, Section 462,) and to give judgment either affirming, annulling, or modifying the proceedings of the Board. (Practice Act, Section 463.)

By the twenty-fourth section of the Act providing for the government of the County of Sacramento, passed April 25th, 1863, (Laws 1863, p. 512,) the Board of Supervisors are required to fix the amount of the official bonds of the several county officers, and such bonds are to be approved by such

Board in open session, which fact is required to be entered in the minutes of their proceedings and indorsed on the bond by the Clerk, and it shall then be approved by the County Judge. In the matter of the approval or disapproval of the bond, the Board exercises judicial functions. (*Robinson* v. *Board of Supervisors of Sacramento*, 16 Cal. 208, and cases therein cited; *People* v. *El Dorado County*, 8 Cal. 61; *People* v. *The Supervisors of Marin County*, 10 Cal. 344.)

The act performed by the Board of Supervisors, alleged to have been an excess of their jurisdiction, consisted in determining, in effect, that the petitioner had resigned the office to which he was elected, and in rejecting the bond for that reason, and because of a previous attempt on his part to sell the office. Whatever may have been the truth as to such attempt, and however open to animadversion, conduct of this kind may be, that was a question with which the Board had no authority to deal, and the inquiry must be narrowed down to the point whether the petitioner had resigned the office to which he was elected by the people of the county, and whether his resignation was a subsisting fact at the time the Board acted. If this inquiry be answered in the negative, then the Board, according to the case cited from 10 Cal. 344, exceeded its jurisdiction in treating the alleged resignation as effectual, and rejecting the bond tendered and filed for the reasons by them assigned.

At the time the petitioner undertook to resign the office of Public Administrator he was not in fact invested with that office. Before he could become so he was required by law to take the constitutional oath, and execute with sureties a proper bond to be approved by the Board. Had these things been done within the ten days allowed for the purpose, he would have become the Public Administrator of Sacramento County, and fully invested with the office. Having the mere naked right to the office of Public Administrator, the taking of the constitutional oath of office and executing the bond prescribed were conditions which, fully completed, were essential to the constituting of the petitioner such officer.

13

The first section of the Act concerning Public Administrators is as follows: " There shall be elected at the general election in and for each of the counties of this State, by the electors thereof, a Public Administrator, who shall continue in office for the term of two years, and until his successor is elected and qualified." (Wood's Digest, 51.)

There can be but one incumbent of the office of Public Administrator at the same time, and he who held the office prior to the first Monday in March remained the incumbent on that day, notwithstanding the petitioner was then entitled to the office upon taking the oath and filing the necessary bond. The petitioner's term, or the term for which he was elected, commenced on the first Monday of March; but that fact alone could not constitute him the incumbent of the office, because an incumbent is one who is in the present possession of an office. (Webster.) An officer is one who is lawfully invested with an office; and an office is a right to exercise a public function or employment and to take the fees and emoluments belonging to it. (7 Bac. Ab. 279; title—Offices and Officers.)

The twenty-third section of the Act concerning office is as follows: " Every office shall become vacant upon the happening of either of the following events before the expiration of the term of such office: 1. The death or resignation of the incumbent. 2. The removal of the incumbent from office. 3. The confirmed insanity of the incumbent, etc. 4. A conviction of the incumbent of a felony, etc. 5. A refusal or neglect of the person elected or appointed to take the oath of office, as prescribed in the seventeenth section of this Act; or when a bond is required by law, his refusal or neglect to give the bond within the same time in which he is required to take the oath of office. 6. The ceasing of the incumbent to be a resident, etc. 7. The ceasing of the incumbent to discharge the duties of the office for the period of three consecutive months, except, etc. 8. The decision of a competent tribunal declaring the election or appointment void, or the office vacant." (Laws of 1863, p. 389.)

By reference to these subdivisions of section thirty, it will

be observed that the term "incumbent" refers to him alone who has become qualified and has entered into the possession of the office; and that the person who has been elected or appointed to an office, who refuses or neglects to take the oath of office, or to give a bond when required, within the time prescribed by law, is not denominated an incumbent; and nothing is said as to the resignation of any other than an incumbent of the office.

In *The People* v. *Van Horne*, 18 Wend. 518, Mr. Chief Justice Savage said: "An office cannot be said to be vacant while any person is authorized to act in it, and does so act." And in reference to a statute like the first section of our Act concerning Public Administrators, he said: "In such cases there is, in fact, no vacancy, because the officers of the preceding year hold the offices until others are chosen or appointed in their places and have qualified."

If the petitioner had not become the incumbent of the office which he was elected to fill, he had no office to resign; and though he may have supposed he had, yet that did not alter the fact, and his attempted resignation and the acceptance of it by the County Judge was abortive and ineffectual.

The petitioner having taken the oath and filed the bond required by law, the Board of Supervisors ought to have approved it, if no other objection stood in the way than those assigned for rejecting it. We think the Board, by their action, which we are called upon to review, exceeded their jurisdiction. (*People* v. *Supervisors of Marin County*, 10 Cal. 344.) For the correction of this error there is no appeal, nor in our judgment, any plain, speedy, and adequate remedy other than by certiorari.

It is therefore ordered and adjudged that the proceedings of the Board of Supervisors of Sacramento County, in holding that the petitioner had resigned the office of Public Administrator, and in rejecting his bond filed, be annulled and held for naught.