[S. F. No. 3639.  In Bank.—February 27, 1906.]

## H. J. CHINN, Appellant, v. H. L. GUNN, Auditor of Napa County, Respondent.

JUSTICES OF THE PEACE—COMPENSATION IN CRIMINAL CASES—CLASSIFICATION OF TOWNSHIPS BY CENSUS—TOWNSHIP SUBSEQUENTLY CREATED—SALARY—FEES.—Under the act of 1901, amending section 184 of the County Government Act of 1897, with respect to counties of the twenty-seventh class, and providing salaries for justices of the peace in criminal cases according to population of their townships, as determined by the federal census of 1900, a justice of the peace for a township in a county of that class created after that census was taken, the population of which cannot be determined thereby, is not entitled to any salary in criminal cases; but his compensation is limited to a charge against the county for fees to the amount of three dollars for each criminal case tried by him, as fixed by the general fee law of 1895, taken in connection with section 228 of the County Government Act of 1897.

ID.—INSUFFICIENT PETITION IN MANDAMUS.—A petition for a writ of mandate to the county auditor by the justice of such subsequently created township, to compel a warrant for a salary according to the alleged actual population thereof, which does not aver that

the petitioner had performed services in criminal cases amounting to the compensation asked for, is insufficient, and a demurrer thereto was properly sustained.

APPEAL from a judgment of the Superior Court of Napa County. H. C. Gesford, Judge.

The facts are stated in the opinion of the court.

Bell, York & Bell, for Appellant.

R. Benjamin, for Respondent.

SHAW, J.—This is an application by the plaintiff for a writ of mandate to compel the defendant, as auditor of Napa County, to issue his warrant upon the treasurer of that county for the sum of fifty-five dollars for plaintiff's services as justice of the peace of St. Helena Township in criminal cases for the month of January, 1903, and for a like sum for similar services for February, 1903. The auditor refuses to issue his warrant for a larger sum than thirty dollars per month. A demurrer was sustained to the complaint and a judgment rendered thereon in favor of the defendant, from which the plaintiff appeals.

The case is similar in its facts to that of *Johnson* v. *Gunn, ante,* p. 745, [84 Pac. 665], but it differs in one important particular. The act of 1901 (Stats. 1901, p. 750, c. 234) provided that the townships of counties of the twenty-seventh class should be classified by population "as shown by the federal census of 1900." At the time this act was passed, and at the time the census of 1900 was taken, the township of St. Helena did not exist. It was created in August, 1902, by dividing one of the previously existing townships of the county and forming therefrom two townships. The census of 1900 does not show the population of the territory now composing the township of St. Helena, nor does it furnish any means by which such population can be determined. The question therefore arises whether the compensation is to be fixed according to the actual population, or whether it is to be considered that the law makes no provision by salary for the compensation of the officers of St. Helena Township, leaving them to receive such fees as may be provided by law, or

whether the law makes no provision whatever for such compensation. The contention of the plaintiff is that, the clause referring to the census of 1900 being inapplicable, owing to the fact that the census does not show the population of this newly-created township, the law must be construed to declare that the class of the township, and the corresponding salary, are to be determined by ascertaining the actual population of the township at the time of its creation, or at the time the services were rendered. He avers that at the time the township was created, and ever since, the township has had and now has a population of over three thousand inhabitants. Upon this he contends that it is a township of the second class, and that he is therefore entitled to a salary of fifty-five dollars a month for his services in criminal cases. Where a law is so framed as to make the classes of townships or counties depend upon the actual population, difficulties may arise. Whether it is taken to refer to the population at the time of the passage of the law, or at the time it takes effect upon the particular township, or to the time the services are performed, in either case there will be no certain means of ascertaining the exact number from which to determine the class to which a given township belongs. If the population is near the point dividing two classes, and it is left to be determined by evidence of witnesses, it might easily happen that upon a first inquiry it would be adjudged to be in one class, while upon a second investigation it would be determined to be of a higher class. The actual population varies from day to day, and if the time of the service is to govern, then, in some cases, it would be necessary to make a new enumeration for every month to ascertain the actual population, and determine the salary to which the officer is entitled  It is to be presumed that the legislature had these objections in mind, and that in order to avo'd them and secure a fixed and permanent standard, of which there was a public record from which the facts could be easily and accurately ascertained, the classes were made to depend on the census of 1900 of which the courts take judicia¹ notice. We are therefore not at liberty to say that this provision for determining the classes can be disregarded as an unimportant part of the plan, and, consequently, that where such census for any reason fails to show the population of a particular township, or to give data

from which it can be ascertained, the class of such township is to be determined by the actual population at the time of such census, or at some other time, by the testimony of witnesses, or by an enumeration or other evidence. It would be impossible for the court to ascertain or determine from the act the precise time at which the population should be taken as the standard or the nature of the evidence necessary to prove it. The auditor would be required to issue warrants for the salaries of the township officers, and would be afforded no means of ascertaining what the salaries were, except by himself taking evidence, or making an enumeration. And neither he nor the board of supervisors is authorized to determine the question conclusively. The officer would be at liberty to assert and maintain that the population was greater, and to demand a salary accordingly. While these difficulties might not be sufficient to justify the court in declaring invalid a law which fixed the classes by population without providing for the determination of such population, we think they are sufficient to prevent a construction which will give the law that effect, where the construction is based solely on the ground that the law as enacted does not provide for the classification of a township created after its passage. It follows that the contention of the plaintiff cannot be approved.

The act of 1895 (Stats 1895, p. 8, c. 2), regulating the fees of county and township officers, provides that justices of the peace may, for their own use, collect for all services in a criminal action, three dollars. Section 228 of the County Government Act (Stats. 1897, p. 575, c. 277) declares that all charges for services of justices of the peace in criminal actions not otherwise provided for and allowed by law are chargeable to the county. These provisions apply to all cases where the law relating to a particular class of counties fails to provide for the compensation of justices for such services, and under them the plaintiff would be entitled to the fees thereby allowed for such criminal cases as had come before him and had been disposed of by him. But as the complaint does not allege that he had performed any such services, nor that they amounted to the fifty-five dollars demanded, the court below properly sustained the demurrer thereto. We are of the opinion that section 184 of the amendment of 1901 to the County Government Act does not provide any salary for

justices of the peace of townships created after the census of 1900 was taken, where that census affords no means of ascertaining the population of such townships, and that as the complaint did not show that the plaintiff had performed any services in criminal cases which would entitle him to the sum demanded, it failed to state a cause of action.

The judgment is affirmed.

Angellotti, J., McFarland, J., Henshaw, J., and Lorigan, J., concurred.