[Civ. No. 136.  Second Appellate District.—June 22, 1906.]

## J. W. GUIBERSON, Appellant; v. J. L. ARGABRITE, Auditor of Ventura County, Respondent.

OFFICERS—APPROVAL OF BOND—JUSTIFICATION OF SURETIES—INDORSEMENT—RECORD.—The justification of sureties on county and township bonds required to be made before approval of the bond by the judge of the superior court is no part of the bond, and is not required to be indorsed upon it nor to be recorded.

ID.—JUDICIAL FUNCTION—PRESUMPTION OF PROPER EVIDENCE.—The approval of a bond by the superior judge is the exercise of a judicial function, and it will be presumed that he had before him competent evidence warranting the approval, and that the evidence was of the character directed by the statute.

ID.—APPROVED BOND OF JUSTICE OF THE PEACE—MANDAMUS FOR SALARY —EVIDENCE—AFFIDAVIT ATTACHED.—In *mandamus* by a justice of the peace to compel payment of salary allowed to him in criminal cases, his approved bond should have been received in evidence, though the affidavit of the sureties attached thereto was not in the form required by the statute. It cannot be said that such affidavit was the only evidence before the judge who approved the bond; and his approval was sufficient to entitle it to be recorded and received in evidence, the same being in other respects in due form of law.

ID.—AMOUNT OF SALARY—POPULATION OF TOWNSHIP—CENSUS—FINDING NOT ASSAILED.—In determining the amount of salary allowed to a justice of the peace in criminal cases, the population of the township must be based upon the last federal census. A finding of the population will be presumed to be based upon that census, and when the finding is not assailed, the population found must be accepted.

ID.—WRIT OF MANDATE TO AUDITOR.—Where the case presented by the record is that of a justice of the peace discharging duties in a township having a classification and a fixed salary, for which he has presented his claim, it was the duty of the lower court to issue the writ of mandate to the auditor to compel the issuance of a warrant therefor upon the treasury, and the cause will be remanded with direction to the court to issue the writ.

APPEAL from a judgment of the Superior Court of Ventura County, and from an order denying a new trial.  J. W. Taggart, Judge presiding.

The facts are stated in the opinion of the court.

Thomas O. Toland, and M. J. Rogers, for Appellant.

Edward M. Selby, District Attorney, for Respondent.

ALLEN, J.—Application for writ of mandate. Judgment for defendant. Motion for new trial denied. Plaintiff appeals from such judgment and order.

Plaintiff makes this application for a writ of mandate to compel the auditor of Ventura county to issue his warrant upon the treasury of said county for $120 for plaintiff's salary as justice of the peace of Camulos township in criminal cases, for the six months beginning with April and ending with September, 1904. The auditor refused to issue such warrant upon the ground that Camulos township did not have a population of five hundred, according to the federal census of 1900, and upon the further ground that such justice has not qualified as such by filing an official bond in the form required by law, and that he did not perform the duties of such office.

Upon the hearing of the case the court found that Camulos township, since September 6, 1901, has been a duly organized township with a population of more than five hundred and less than one thousand; that said justice did not file his bond in the form required by law, and did not enter upon the discharge of the duties of his office, or continue in the discharge thereof, for the time mentioned in the application, and that no salary was due him.

The principal question argued in the original briefs was in relation to the sufficiency of the bond. The record shows a bond in due form of law, indorsed thereon an affidavit of justification by the sureties to the effect that the signers thereof were each property holders and residents within Ventura county. The bond also contained an indorsed approval by the judge of the superior court of the county, together with an indorsement of its filing and record in the recorder's office upon the date of its approval. This bond the court refused to accept in evidence, because it did not appear that the sureties had justified, for the reason that no affidavit was presented showing that the sureties were freeholders or householders, as the statute requires. The refusal to receive such bond in evidence was error, and the finding that no bond was

3 Cal. App.—49

filed has no support in the record. The statute requires that a bond presented to the superior court for approval shall be accompanied by an affidavit showing that the sureties are freeholders and householders. The affidavit is no part of the bond, is not required to be indorsed thereon, nor to be recorded. The statute, however, directs the character of evidence which should be received by the court, and that it should be in the nature of an affidavit presented to him. The approval by the judge was in the exercise of a judicial function (*Miller* v. *Board*, 25 Cal. 97), and it will be presumed that he had before him competent evidence warranting the approval, and that the evidence was of the character directed by the statute. We may not say that the affidavit indorsed was the only evidence in that regard, and that no affidavit accompanied the bond containing the things required by law. The approval of the judge was sufficient to entitle the instrument to be recorded and to be received in evidence, the same being in all other respects in due form of law.

There is no evidence in support of the finding that the plaintiff did not enter upon and continue in the discharge of the duties of the office; on the contrary, the undisputed evidence is that he did perform such duties.

In a supplemental brief, it is insisted, upon the authority of *Chinn* v. *Gunn*, 148 Cal. 755, [84 Pac. 669], that Camulos township, having been formed after the census of 1900, contains no population which may be ascertained by such census, and, therefore, is a township within the class and to which section 13 of the act of 1901 does not apply. (See Stats. 1901, p. 755, subsec. 13.) This section provides that townships in the class of counties to which Ventura belongs are classified by the population as shown by the federal census of 1900, and that townships having a population of over five hundred and less than a thousand shall be of the fourth class, and townships of less than five hundred shall be of the fifth class; that the salary of a justice in criminal matters in townships of the fourth class shall be $20, and of the fifth class $10 per month. It is held by the supreme court in *Chinn* v. *Gunn*, 148 Cal. 755, [84 Pac. 669], that this population can only be determined by the census of 1900. The finding of the court that the population is of a fixed amount, in the absence of anything to the contrary, will be assumed to have

been based upon such census. The statement on motion for a new trial shows that such evidence as was pertinent to the specifications of error is all that such statement purports to contain. There is no specification in relation to the finding that the township has a fixed population. We do not know what evidence was before the court in its support. That the township was formed after the census of 1900 was taken does not of necessity demonstrate that the population within the new township may not be determined from such census. It may be true that Camulos township is composed of two or more townships which were existing at the date of the taking of the census, and the court was able to determine the population from such aggregate population. In addition to all of this, there is no specification of error in relation to such finding, and, for the purposes of this decision, such population must be accepted. The case is then presented of an official discharging duties in a township having a classification, with a fixed salary, for which services he has presented his claim. It was the duty of the court to have issued the mandate prayed for.

The judgment and order are reversed and the cause remanded, with directions to the lower court to issue the writ.

Smith, J., and Gray, P. J., concurred.