THE PEOPLE *ex rel.* James B. Dibelka *et al.* Petitioner, *vs.* PETER REINBERG *et al.* Respondents.

*Opinion filed June 13, 1914.*

1. OFFICES—*when the term of office will begin to run from date of appointment.* When the law does not fix any time for the commencement of a term of office to be filled by appointment the term will begin to run from the date of the appointment.

2. SAME—*term of office of a member of the Chicago board of education begins to run from the date of appointment.* The term of office of a member of the Chicago board of education begins to run from the date of his appointment, as the statute upon the subject fixes no time when the term of office is to begin although it does fix the length of the term.

3. SAME—*person cannot resign an office before he is elected or appointed.* A person cannot resign an office before he has become an officer by election or appointment.

4. SAME—*resignation made before the appointment is invalid.* Where the law confers upon a mayor of a city the power to appoint but not to remove an officer, the power to remove cannot be conferred by requiring a contemplated appointee to sign a blank form of resignation and deliver it to the mayor before the appointment is made, and in such case the supposed resignation is invalid when signed and does not become valid by lapse of time nor a fail-

ure upon the part of the appointee to demand a return of the paper after his appointment.

5. JUDGMENTS AND DECREES—*when a judgment is not suspended by appeal bond or supersedeas bond.* A judgment of ouster by the superior court of Cook county in a *quo warranto* proceeding is self-executing and requires no process to enforce it, and an appeal bond or *supersedeas* bond does not operate to suspend such a judgment, and in such case the persons whose title to office is established by the judgment are entitled to a writ of *mandamus* to compel their recognition as officers while an appeal from the *quo warranto* judgment is pending.

ORIGINAL petition for *mandamus.*

COLIN C. H. FYFFE, for petitioner.

WILLIAM H. SEXTON, RICHARD S. FOLSOM, ANGUS ROY SHANNON, and LEON HORNSTEIN, for respondents.

Mr. JUSTICE FARMER delivered the opinion of the court:

The relators, James B. Dibelka, John C. Harding, Henry W. Huttman and Charles O. Sethness, by leave first obtained, filed in this court, at the April term, their petition for a writ of *mandamus* directed against Peter Reinberg, president, and Lewis E. Larson, secretary of the board of education of the city of Chicago, commanding said respondents, as officers of said board of education, to recognize the relators as members of said board until the expiration of their terms of office, July 17, 1914.

The petition alleges the city of Chicago, prior to the year 1909 and until the present time, was and is acting under and governed by the general Cities and Villages act and acts amendatory thereto; that from a time prior to July 17, 1911, and until the present time, there has been, and now is, a board of education in said city, consisting of twenty-one members, appointed by the mayor by and with the advice and consent of the city council, as provided by "An act to establish and maintain a system of free schools," approved and in force June 12, 1909. (Hurd's Stat. 1913,

chap. 122, sec. 128.) The petition alleges the relators were appointed by the mayor, by and with the advice and consent of the city council, July 17, 1911, as members of the board of education of said city for a term of three years each, and that pursuant to such appointment the relators qualified and entered upon the duties of members of the board of education and acted as such officers until December 23, 1913. The petition further alleges that prior to the appointment of the relators, July 17, 1911, each received the following request from the mayor:

"*Dear Sir*—I send you herewith a blank form of resignation from the position of member of the board of education, to be signed by you and returned to this office at once. I have your name under consideration for this position, and, unless later developments cause me to change my mind, will send it to the city council at next Monday night's meeting. In order to avoid any future misunderstanding I would prefer to have a signed resignation in my hands prior to making the appointment.
                    "Yours very truly,
                         CARTER H. HARRISON, *Mayor.*"

Pursuant to such request, and before appointment, they each sent to the mayor their written, undated resignations, which remained in the possession of the mayor until December 12, 1913, when, without any further action on the part of relators as to resigning, the following letter was received by each of them.

"*Dear Sir*—I hold your letter tendering your resignation as a member of the board of education of the city of Chicago and bearing date of July 18, 1911. I hereby accept the same, to take effect at once.          "Yours very truly,
                         CARTER H. HARRISON, *Mayor.*"

After receipt of this notice the relators continued to act as members of the board of education until December 23, 1913, when respondents, the officers of the board of education, refused to further recognize relators as members of said board. The petition further alleges the relators did not resign July 18, 1911, nor at any other time subsequent to their appointment, but that December 17, 1913, the mayor

appointed, and the council confirmed, Joseph A. Holpuch, John A. Metz and John W. Eckhart, and December 22, 1913, the mayor appointed, and the council confirmed, Axel A. Strom, as members of the board of education to take the places of relators; that respondent Peter Reinberg is president of the board and respondent Lewis E. Larson is secretary of said board, and as such officers they have refused to recognize relators as members of said board. The relators further allege that January 20, 1914, they filed in the superior court of Cook county an information in the nature of *quo warranto,* in which they alleged the execution and delivery by the relators of their resignations, their subsequent appointment, the acceptance of their resignations by the mayor and the appointment of their successors, and prayed their successors, as respondents, show by what authority they held the office of members of the board of education of the city of Chicago; that respondents filed a demurrer to the information, which was heard February 25, 1914, and overruled by the court; that respondents electing to stand by their demurrer, the court entered a judgment ousting respondents from office, whereupon, on February 27, 1914, they perfected an appeal from such judgment to the Appellate Court for the First District. The petition further alleges that at a regular meeting of the board of education March 4, 1914, and after the judgment of the superior court, there were present both the relators and respondents in the said *quo warranto* proceeding; that the judgment of ouster of the superior court was read and entered upon the minutes of said meeting, but nevertheless relators were not recognized nor permitted to take part in such meeting while respondents in the *quo warranto* proceeding were recognized and permitted to participate; that March 26, 1914, relators filed a petition in the superior court for a rule on respondents in the *quo warranto* proceeding, and other members of the board of education, to show cause why they were not in contempt of court; that

at the hearing of said motion, March 28, 1914, the respondents in the *quo warranto* proceeding appeared and agreed to obey the ouster judgment pending the appeal to the Appellate Court, and by agreement of the parties the rule to show cause was discharged and said respondents in the *quo warranto* proceeding have not since acted as members of the board of education. The petition further alleges that at the regular meetings of the board on April 1, 1914, and April 15, 1914, relators were present, but respondent herein, Lewis E. Larson, secretary of said board, at the direction of respondent Peter Reinberg, president of the board, refused to call the names of relators as members of said board, and the relators were not permitted to participate in any of the business of the meetings and their votes upon propositions presented were not counted. The petition further alleges the ousted members of the board were at the meeting on December 24, 1913, appointed by the president of the board members of the committee on buildings and grounds, consisting of eleven members, and that while such appointees have not acted since March 28, 1914, no other appointments to fill such vacancies have been made; that the relators are informed and believe three members of the board are absent and will continue to be absent from such meetings for some time to come, and that unless the relators are recognized by said board its meetings will be attended by but fourteen members; that matters of much importance will come before said board between now and July 17, 1914, when relators' terms of office expire, among which are the annual budget of appropriations for the different schools for the period ending June 30, 1914, and the reports of the expenditures of the various committees. The petition alleges the appeal from the *quo warranto* proceeding will not be determined before the October term, 1914, and the terms of office of relators will expire before that time. The prayer of the petition is that the writ of *mandamus* issue from this court ordering the president and sec-

retary of said board of education, respondents herein, at all meetings until the terms of relators expire, to have the names of relators called and to consider and have recorded their votes, and to permit them in all respects to participate fully in said meetings as members.

Respondents' answered, admitting the material allegations of the petition, except that the relators were appointed for three years from July 17, 1911, and averring the appointments, though made on said date, under the provisions of the statute began or were dated from July 1, 1911. The answer admits the mayor wrote the letters requesting the resignations and received the resignations prior to the appointments, but avers the same were never asked for or inquired about by the relators after appointment, and that such conduct amounted to a continuing tender of the relators' resignations, to be accepted by the mayor at his pleasure. The answer denies that relators' terms of office expire July 17, 1914, but avers such terms of office expired by resignations, and further denies relators' right to the writ of *mandamus* as prayed. Relators demurred to the answer, and the questions to be decided are questions of law raised by the pleadings.

Section 128 of the act of 1909 authorized the mayor to appoint, by and with the advice and consent of the common council, twenty-one members of the board of education,— seven of them for the term of one year, seven for the term of two years and seven for the term of three years. At the expiration of the term of any member the appointment of a successor was authorized to be made in like manner, the person or persons so appointed to hold their office for a term of three years. The answer of respondents avers relators were each appointed to succeed members of the board whose terms expired July 1, 1911, and respondents raise the question whether the terms for which relators were appointed on July 17, 1911, were for three years from the time the appointment was made or whether it was for three

years from July 1, 1911, when, the answer alleges, the terms of office of relators' predecessors expired. The statute does not fix any time at which the appointment is to be made or when the term of office shall begin. The duration of the term of office after the first appointment subsequent to the passage of the act is fixed at three years. It is not necessary to determine whether, in case a vacancy occurred before the expiration of the three years for which the appointment was made, an appointment could be made for the unexpired time, for that question is not presented by the pleadings. The question raised by the answer is that the terms of the predecessors of relators expired July 1, 1911, and relators were not appointed until July 17, 1911. When the law does not fix any time for the commencement of a term of office to be filled by appointment the term will begin to run from the date of the appointment. (*Attorney General* v. *Love,* 10 Vroom, 476; 23 Am. Rep. 234; 23 Am. & Eng. Ency. of Law, 411-415.) We are of opinion the terms of office of relators began to run from the day of their appointment, July 17, 1911.

It was decided in *People* v. *Healy,* 231 Ill. 629, that members of the board of education were not subject to removal by the mayor, but it is contended relators had the right to resign, and that they did so. Respondents admit the resignations were signed by the relators and placed in the hands of the mayor before they were appointed, but it is contended that as the resignations were not recalled by the relators after their appointment but were permitted to remain with the mayor without objection, this was, in effect, a continued invitation or permission to the mayor to accept them at his pleasure, and the mayor having acted upon them, relators cannot now be heard to complain. We cannot agree with this contention. The authorities do not appear to be numerous upon the question, as in the nature of things such a question would rarely arise, but all the authorities we have been able to find hold a man cannot re-

sign an office before he is an officer. Mechem on Public Officers (sec. 410) says: "Upon the principle that one can not resign what he does not yet possess, it is held that one who has not been elected to a public office cannot resign the same, or if elected cannot resign until the time has arrived when he is entitled by law to possess the same and he has taken the oath and given the required bond and entered upon the discharge of his duties." 23 Am. & Eng. Ency. of Law, 421, *In re Corliss,* 11 R. I. 638, (23 Am. Rep. 538,) and *Miller* v. *Board of Supervisors of Sacramento County,* 25 Cal. 93, are to the same effect. In our judgment the rule announced in these authorities is sound, but if no authority could be found upon the question it would seem the only conclusion which could be reached is, that a man cannot resign an office to which he has not been elected or appointed. It was never contemplated that where the law conferred the power to appoint but not to remove, the power to remove might be conferred by requiring a person, before appointment, to place his resignation in the hands of the appointing power. Such a paper is invalid when signed, and lapse of time cannot render it valid.

It is further contended that to grant the writ in this case would prejudicially affect the rights of the parties in the *quo warranto* proceeding pending on appeal in the Appellate Court for the First District. The judgment of the superior court is self-executing and requires no process to enforce it. An appeal bond or *supersedeas* bond will not operate to suspend such a judgment. (*Barnes & Co.* v. *Typographical Union,* 232 Ill. 402; 17 Ency. of Pl. & Pr. 489; 20 id. 1244.) The title of relators having been established, their right to the writ of *mandamus* to compel the officers of the board of education to recognize them seems to us clear.

The demurrer to the answer is sustained and the peremptory writ awarded.                                     *Writ awarded.*