RICHARD T. DOLPHIN, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE TOWN OF KEARNY, NEW JERSEY, AND WILLIAM B. ROSS, TOWN CLERK OF THE TOWN OF KEARNY, RESPONDENTS.

Argued October 9, 1935—Decided December 6, 1935.

Before Justices CASE and BODINE.

For the prosecutor, *Merritt Lane.*

For the respondents, *Thomas G. Walker.*

BODINE, J. Prosecutor on January 1st, 1935, was appointed water purveyor of the town of Kearny for a term of two years

at a salary of $2,800 a year. The ordinance creating the office assigns specific duties to be performed and fixes the term. On June 12th, 1935, Councilman Brookes, chairman of the water committee, presented a resignation of the prosecutor and moved its acceptance. The council accepted the resignation, which was undated, and then appointed one Saporito to fill the unexpired term. Prosecutor, recognizing the invalidity of the resignation for reasons to be hereafter stated, continued his duties. Hence, he is entitled to review the resolutions in question by *certiorari*. *Murphy* v. *Freeholders of Hudson County,* 92 *N. J. L.* 244.

It appears that chairman Brookes before his induction into office required the prosecutor to sign in blank a resignation from an office he did not hold. After the resignation had been signed, Councilman Brookes, who was then named to the water committee, nominated prosecutor to the office of water purveyor. The obtaining of a resignation before appointment is obviously detrimental to the public interest. The town had fixed a term of office to insure an independent official. A resignation given before appointment even though not recalled, if valid, clothed a member of the council with a power of summary removal, a power not granted by ordinance and not to be sanctioned in a government of law.

The case bears a striking resemblance to *People, ex rel. Dibelka* v. *Reinberg,* 263 *Ill.* 536; 105 *N. E. Rep.* 715. It was there held that where a mayor authorized to appoint a board of education procured undated resignations from his prospective appointees the resignations, though not recalled by the appointees after their appointment, were ineffectual. The court said: "The authorities do not appear to be numerous upon the question, as in the nature of things such a question would rarely arise, but all the authorities we have been able to find hold a man cannot resign an office before he is an officer. *Mechem on Public Officers,* § 410, says: 'Upon the principle that one cannot resign what he does not yet possess, it is held that one who has not been elected to a public office cannot resign the same, or, if elected, cannot resign until the time has arrived when he is entitled by law to possess the same and he has taken the oath and given the

required bond and entered upon the discharge of his duties.' 23 *Am. & Eng. Encycl. L.* 421; *In re Corliss,* 11 *R. I.* 638; 23 *Am. Rep.* 538; and *Miller* v. *Board of Supervisors of Sacramento County,* 25 *Cal.* 93, are to the same effect. In our judgment the rule announced in these authorities is sound, but if no authority could be found upon the question it would seem the only conclusion which could be reached is that a man cannot resign an office to which he has not been elected or appointed. It was never contemplated that where the law conferred the power to appoint, but not to remove, the power to remove might be conferred by requiring a person, before appointment, to place his resignation in the hands of the appointing power. Such a paper is invalid when signed, and lapse of time cannot render it valid."

It seems immaterial that in the present case the resignation was undated, or that Councilman Brookes had not taken office when he received the document. The vice in the arrangement was that if the resignation was valid, Brookes, who shortly became a councilman and chairman of the water committee, obtained the power to summarily remove an independent officer of the town.

The case is very different from *Chalmers* v. *State Board of Education,* 11 *N. J. Mis. R.* 781, where a married teacher, in order to procure employment, resigned her position thereby waiving tenure.

The case is also different from cases like *Mimmack* v. *United States,* 97 *U. S.* 426, where an army officer handed his resignation to a superior officer for use if he should again become intoxicated while on duty. No case we can find holds that there is a limitation upon the power of an incumbent to resign from an office held. The limitation is upon the power to exact a resignation before a citizen has become an office holder and exists to prevent designing persons from defeating the public will. The mere circumstances that Brookes did not hold office, when he procured the resignation, is immaterial. The vice in the situation was that Brookes sought to obtain an advantage that was not his under the law.

The resolution accepting the resignation and appointing a successor will be set aside with costs.