## EL DORADO COUNTY *v.* ELSTNER *et al.*

WHERE the Board of Supervisors of a county allowed an account presented for services as Tax Collector, and the Auditor drew his warrant in favor of E. for the amount, and he assigned it to defendant M., a *bona fide* purchaser, without notice : *Held,* that the county cannot go into equity to cancel the warrant and enjoin its collection as against M., on the ground that the *account* was false and fradulent as to some of its items, and was allowed by the Board through ignorance of the facts and mistake ; that the Supervisors were acting within the scope of their authority, and the county cannot visit upon an innocent party the consequences of their negligence.—COPE, J.

*Query :* Whether this action could be maintained between the original parties— the general rule being that equity will not relieve from the consequences of a mistake, unless the party seeking relief used due diligence to ascertain the facts ; and it being immaterial whether the mistake be the result of ignorance, surprise, imposition, or misplaced confidence. *Id.*

Boards of Supervisors are a quasi-judicial body so far as concerns the examination and settlement of accounts and claims against a county ; and the allowance and settlement by such Boards are an adjudication of the claims, and conclusive.—BALDWIN, J.

Except in cases of fraud, a claim against a county allowed by such Board cannot be collaterly impeached ; but the order allowing the claim must be reviewed by *certiorari. Id.*

Where such order of allowance is assailed by the county in a Court of Equity for fraud, the circumstances must be set out, and it must be shown how and why the county made no defense to the claim while the proceedings to establish it were before the Supervisors. The *mere fact* that a party made an unjust claim, and supported it by unjust practices, is not sufficient to authorize the interposition of equity. *Id.*

*Riddle* v. *Baker* (13 Cal. 295) lays down the true rules upon this subject. *Id.*

· APPEAL from the Eleventh District.

Suit against Elstner, late Tax Collector of El Dorado county, Bell, the Treasurer, and O. Merrill, to cancel a certain warrant drawn by the Auditor of the county upon the then Treasurer, and now held by Merrill. The complaint avers, in substance, that Elstner, as Tax Collector of the county, presented to the Board of Supervisors thereof, for their examination and allowance, an account or claim against the county, as follows :

EL DORADO COUNTY

'     To M. R. ELSTNER, TAX COLLECTOR,     DR.

· For per diem during the period of collecting State and
    County Taxes on personal property, 149 days,
       at $10,   -    -    -    -    -    -    -    $1,490.00
For one Deputy, collecting property tax, in the month
    of August, 18 days, at $10,   -    -    -    180.00
For one Deputy, collecting quarterly license, 27 days,
       at $10   -    -    -    -    -    -    -    270.00
                                        —————

    Sept. 5th, 1859.     $1,940.00

That said account was verified according to the rules of the Board, and that the said Board, supposing the services had been actually rendered, made an order on the same day allowing the account; that the Auditor drew his warrant on the Treasurer for the same, in favor of Elstner, who subsequently presented it to the Treasurer, by whom it was registered, and endorsed " Presented, and not paid for want of funds;" that subsequently, Elstner sold and assigned the warrant to defendant Merrill, who now holds it; that the item of $1,490 specified in said account and included in the warrant, was false, fraudulent and pretended, because the services for which said sum was charged were never performed by Elstner or any of his Deputies, and the same was allowed by the Board under a mistake as to the facts, they believing from the presentation of said account, the same verified by the oath of Elstner, that the services had been rendered, whereas the fact was otherwise ; and that this was not discovered by or known to the Board until after the warrant was issued and registered ; and that this Board has ordered the

District Attorney to take such steps as he deems proper to stop payment of said $1,490. Prayer for a decree against Elstner declaring the allowance of the item of $1,490 fraudulent and void, and requiring Merrill to produce the warrant, and credit it with that amount; and for an injunction against the defendant Bell.

Defendants demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. Overruled, and final judgment for plaintiff as asked.

Defendants appeal.

*John Hume*, for Appellants.

1. The county of El Dorado has no action against Elstner, for the Board of Supervisors, acting for the county, and having authority to act, adjudicated upon the claim of Elstner, and ordered it paid. The county now sues to undo its own voluntary act.

2. The Board of Supervisors in allowing claims against a county act in a judicial capacity. Their doings cannot be reviewed in a collateral proceeding.

3. The whole allowance covered by the order was such an one as the Board of Supervisors had jurisdiction to make. This case is different from *The People ex rel. Raun & Plant* v. *Supervisors of El Dorado County* (11 Cal. 170). In that case, there was "no claim or account upon which the Board could act." The claim was for Auditor's services, which the Board could not allow even if actually rendered; the illegality of the warrant was shown upon the face thereof. In this case, the jurisdiction of the Board was shown upon the face of the warrant, and as to a portion of the sum for which it was drawn, there is no question as to its validity; and it is equally valid, as to the whole, in the hands of Merrill. It would be bad faith for a county, by its agents, to carelessly or wantonly issue its warrants, regular and valid upon their face, and afterwards, when the same have gone into the hands of holders in good faith, for a valuable consideration, to turn around and cancel such warrants in the hands of the *bona fide* holder. Equity never grants relief against an innocent party in favor of one guilty of fraud, carelessness, or neglect. The only remedy of the county is against the careless or fraudulent members of the Board of Supervisors, upon their official bonds.

- *S. W. Sanderson, District Attorney*, for Respondent.

1. The objection that the county cannot maintain the action, does not go to the sufficiency of the complaint, but to the capacity of the plaintiff to sue, and upon this ground no demurrer was interposed; and besides, the county is a corporation, and may sue. (Wood's Dig. 249; *Price v. County of Sacramento*, 6 Cal. 254; *Gilman v. County of Contra Costa*, Id. 676; *McCann v. Sierra County*, 7 Id. 121; *Smith v. Myers*, 15 Id. 33.) And being the party directly interested, is the only proper party to sue. The Board of Supervisors acted as the agent of the plaintiff, and whatever misrepresentation and fraud were passed upon them, were passed upon the plaintiff. The county, therefore, occupies the same position that a private individual would under like circumstances, and is entitled to the same relief. A Court of Equity will compel a cancellation of a note, deed, or other instrument in writing, obtained through misrepresentation and fraud. (2 Story's Eq. Juris. 7, sec. 694–5; 1 Id. sec. 161, 191.) The misrepresentation was of the most solemn kind, being made under oath, in the form of an affidavit, in which defendant Elstner swore that the services charged had been actually rendered. Elstner claims he was entitled to the allowance under an act to fix his compensation, passed in 1859, statutes of that year.

The point made in favor of defendant Merrill is not tenable. (*People v. El Dorado County*, 11 Cal. 8.)

COPE, J. delivered the following opinion:

This is an action to cancel a warrant drawn by the Auditor upon the Treasurer of El Dorado county, and to enjoin its collection. The warrant is payable to the defendant Elstner, and purports to have been drawn in consideration of services rendered by him as Tax Collector of the county. The claim for these services had been presented to and allowed by the Board of Supervisors, but it is alleged that the account rendered embraced services which had never been performed. The account was made out and verified as required by the statute, and it is averred that the Board acted upon it without any additional evidence of its correctness. The warrant has been assigned to the defendant Merrill, and it does not appear

that he took it with notice of any matter affecting its validity. The questions in the case arise upon a demurrer to the complaint, and our opinion is that upon the facts stated the action cannot be maintained.

The objection to the warrant only extends to a part of the consideration, and the grounds relied upon for a recovery are fraud and mistake. It is evident that these grounds are not available as against Merrill, whose position is that of a *bona fide* purchaser without notice. The Supervisors were guilty of a gross neglect of duty in allowing the account, and equity will not assist in visiting the consequences of this neglect upon an innocent party. If the county has any rights in the premises she must assert them in some other manner than by appealing to a Court of Equity. The Supervisors were acting within the scope of their authority, and the county cannot avoid the consequences resulting from their want of diligence. It is doubtful whether the action could be maintained even as between the original parties; for the general rule is, that equity will not interfere to relieve a party from the consequences of a mistake, unless he has used reasonable diligence to obtain a knowledge of the facts. Story lays down a much broader and more comprehensive rule in relation to purchasers than we have considered it necessary to do in this case. He says that " as against *bona fide* purchasers for a valuable consideration without notice, Courts of Equity will grant no relief; because they have, at least, an equal equity to the protection of the Court." (Story's Eq. sec. 165.) In the application of these rules, it appears to be immaterial whether the mistake is the result of ignorance, surprise, imposition, or misplaced confidence. It is unnecessary, however, to make any application of them in this case, for the circumstances are such that equity cannot interfere without charging upon an innocent party the consequences of a fault committed by the agents of the county.

Judgment reversed and cause remanded.

BALDWIN, J.—I think that the Supervisors are a quasi-judicial body for the purpose of examination and settlement of accounts and claims against the county; and that the allowance and settlement are an adjudication of the claim, and therefore conclusive. (See

*Robinson* v. *Supervisors,* 16 Cal. 208 ; and 6 Hill and 2 Denio, therein referred to.)    After this allowance, the claim cannot, as a general rule, be collaterally impeached, but the order of allowance must be reviewed by those aggrieved by *certiorari.*    Exception exists in cases of fraud, but in order to assail the judgment for fraud, the circumstances must be set out, and it must be shown why and how defense to the claim on the part of the county was not made while the proceedings to establish it were pending before the Board.    *The mere fact* that the party made an unjust claim, and supported it by unjust practices, is not enough to authorize the interposition of equity.    We laid down the rules governing this matter in *Riddle* v. *Baker,* 13 Cal. 295.

For these reasons I concur in the judgment.

FIELD, C. J.—I dissent.