[No. 2,913.]

# WILLIAM BARBER *v.* THE BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO.

SAN FRANCISCO STREET LAW—PETITION ON APPEAL TO SUPERVISORS.— Where a petition on appeal to the Supervisors of San Francisco, from a street assessment, based upon the ground that petitioners did the work in front of their premises in time, and were not allowed therefor, omitted to show that petitioners had obtained the certificate from the Surveyor required by law (Stats. 1867-8, p. 361, Sec. 8, Subd. 11); *held*, that such petition was not bad on account of such omission, or insufficient to give the Board jurisdiction.

STATEMENT OF OBJECTIONS TO STREET ASSESSMENT ON APPEAL TO SUPERVISORS.—The San Francisco street law of 1863, in providing for an appeal to the Board of Supervisors (Stats. 1863, p. 530, Sec. 12), does not exact from persons objecting to an assessment the same strictness and precision, in stating their objections, which would be required in a pleading at common law.

RIGHT TO HEAR APPEAL INCLUDES POWER TO DETERMINE IT.—In case of an appeal to Supervisors, provided for by law, where the proceedings are sufficient to give them a right to hear it, such right necessarily includes the power to determine it.

ON CERTIORARI, ONLY JURISDICTIONAL MATTERS IN QUESTION.—Where a Board of Supervisors has jurisdiction of a proceeding, and acts upon it, any error it may commit in its conclusions as to facts, not affecting its jurisdiction, cannot be reviewed on certiorari.

THIS was a proceeding on a writ of certiorari issued out of the Supreme Court to the Board of Supervisors of the City and County of San Francisco, for the purpose of reviewing

its action on a street assessment appeal. It appears that on January 6th, 1871, the Superintendent of Streets of that city and county made and issued an assessment for the grading of Townsend street, between Second and Third streets. Peter Donahue and J. G. Eastland appealed therefrom to the Board of Supervisors, and, in their petition of appeal, set forth, among other things, that they were the owners of the one hundred vara lot on the southerly corner of Townsend and Second streets; that before the passage of the resolution of intention to grade said Townsend street, they and the Citizens' Gas Company, through whom they deraigned title, graded said street to the official grade in front of said lot; that they were entitled to a credit in said assessment therefor, amounting to more than their proportion of the whole of said work; and that they duly claimed such credit, but said Superintendent refused to allow it.

The plaintiff, and others interested, appeared in the Board of Supervisors and filed objections to the hearing of the appeal, on the ground, chiefly, that the petition did not allege that the certificate of work done by petitioners was filed with the City and County Surveyor in office when the work was done, or was so filed at any time prior to the completion of the grading under the contract. The Supervisors seem to have considered the objections insufficient, and proceeded to hear the appeal; and some evidence was adduced tending to show that there had been a certificate, but that it had not been filed with the Superintendent previous to the completion of the grading. The result of the appeal was a resolution of the Supervisors setting aside the assessment and directing the Superintendent to make out and issue a new one, allowing credits to all parties for the net quantity of material in cubic yards removed by them respectively, or by those under whom they legally claimed title, in front of their property.

This writ of certiorari being afterwards sued out on behalf

of Mr. Barber and others, the Clerk of the Board of Supervisors certified up all the proceedings, including· the testimony taken on the appeal.

*E. J. Pringle*, *William Barber*, and *H. B. Janes*, for Plaintiffs, claimed that the Supervisors had exceeded their jurisdiction in taking cognizance of the appeal on an insufficient petition; in setting aside the assessment without any evidence that it was erroneous; and in directing a new assessment to be made out in a manner contrary to law. They also claimed that giving credit to a particular property holder for work previously done was equivalent to assessing the cost of such prior work upon all the property holders as if it were a part of the present contract. That certiorari was the proper remedy, they cited *Miller* v. *Supervisors*, 25 Cal. 97.

*R. P.* & *Jabish Clement*, for Respondents.

The petition for certiorari does not show, neither does the return, that the amount assessed against the premises of petitioners, in the new assessment, is greater than the amount assessed against them in the original; nor that said premises are excessively assessed; nor that they were assessed at all in either assessment.

Petitioners have a plain, speedy, and adequate remedy at law. If the Supervisors had no jurisdiction, no power to act on the appeal, the resolution setting aside the original assessment and ordering a new one is void. Therefore, the assessment made under it is void; and its invalidity may be interposed as a defense to any action upon it. (Practice Act, Sec. 456; *Dougherty* v. *Hitchcock*, 35 Cal. 512.)

The Supervisors had power to direct the allowance of credits for work done. (Stats. 1862, p. 391, Sec. 12; 1867–8, p. 358, Sec. 8, Subd. 2; 1856, p. 145, Sec. 70.) And the

record does not show the allowance of credits not author-
ized by law.

The Supervisors had jurisdiction of the appeal. (Stats.
1862, p. 391, Sec. 12.)   The rulings complained of were not
jurisdictional, nor were they erroneous.   If they were erro-
neous, the errors were concerning the merits of the case
and the manner of proceeding, not in excess of jurisdiction.
(*Whitney* v. *Board of Delegates*, 14 Cal. 479.)

By the Court, CROCKETT, J.:

The petitioners claim that the Board of Supervisors ex-
ceeded its jurisdiction in entertaining the appeal of Eastland
and Donahue from the assessment made by the Superintend-
ent of Streets, and also in setting aside the assessment and
ordering a new one to be made.   Section twelve of the Con-
solidation Act as amended in 1863 (Stats. 1863, p. 530)
authorizes any person interested in the work, who objects to
the correctness or legality of the assessment, to appeal to the
Board of Supervisors, stating briefly in writing the objections
to the assessment; and it is made the duty of the Board to
hear and determine the objections.   It is further provided
that the Board may correct, alter, or modify the assessment
in such manner " as to them shall seem just, and may instruct
and direct the Superintendent to correct said warrant, assess-
ment, or diagram in any particular, and to make and issue a
new warrant, assessment, and diagram, to conform to the
decisions of said Board in relation thereto, at their option."
The decisions of the Board, after hearing and notice, are
made final and conclusive on all persons entitled to appeal,
" as to all errors and irregularities which said Board could
have remedied and avoided."   The only reason urged by
the petitioners why the Board did not acquire jurisdiction to
hear and determine the appeal is that the petition of East-

land and Donahue, stating their objections to the assessment, omitted to show that they had obtained the certificate of the City and County Surveyor, as required by subdivision eleven, of section eight, of the Act as amended in 1868. (Stats. 1867–8, p. 361.) But I think the petition was sufficient to entitle the Board to entertain the appeal. The statute does not exact from persons objecting to an assessment the same strictness and precision in stating the objection which would be required in a pleading at common law. On the contrary, the proceeding is intended to be summary, and all that the statute requires is that the objection be "briefly" stated in writing. In other words, the nature of the objection may be stated in general terms, without specifying minutely all the particulars. In this case the petition stated that a portion of the work of grading the street in front of the premises of the petitioners had been done by them or their predecessors in interest, before the publication of the notice of intention to grade the street, and that they were entitled to a credit on the assessment for the work so done; but that no credit was allowed them in the assessment, which was therefore incorrect and illegal. This objection was sufficiently explicit within the purview of the statute to enable the Board to take jurisdiction of the appeal; and the right to hear it necessarily included the power to determine it. The Board, therefore, had jurisdiction to entertain, hear, and determine the appeal upon the proofs introduced; and, if it committed an error in its conclusions as to the facts, the error would not affect their jurisdiction, and could not be reviewed on certiorari. The return of the Board to the writ purports to contain the evidence given on the hearing of the appeal, but there is nothing in the record to show what facts the Board considered proved, and if there was, and if we should be of opinion that the Board found the facts contrary to the evidence, we could not correct the error in this form of proceeding. We cannot ascertain, from anything that appears

in this record, that the Board did not decide and determine that Eastland and Donahue had obtained the proper certificate from the City and County Surveyor, and had done all that the law required to entitle them to the credit which they claim. These were facts which the Board had authority to ascertain and decide, and we cannot inquire, in this proceeding, as to the sufficiency of the evidence on which it acted. It is sufficient that it did act, and decided, on the facts proved, that Eastland and Donahue were entitled to the relief claimed, and that the assessment was therefore incorrect. Whether its decision was right or wrong it did not exceed its jurisdiction in making it. It is said, however, that if the Board had the authority to correct the assessment it had no jurisdiction to direct a new assessment to be made, of the character specified in its resolution, setting aside the first assessment. The objection urged against the new assessment which was ordered, is that Eastland and Donahue are to be credited with the cost of all the excavation made by them, without charging them with the cost of removing any embankments which they may have made above the official grade, or filling up excavations made by them below the official grade. The answer to this objection is that it was for the Board to determine whether there were any such embankments to be removed or excavations filled up, and we cannot review, in this form of proceeding, the action of the Board on that subject. There is nothing in the record to show that the Board has exceeded its jurisdiction in any of the matters complained of, and the writ is therefore dismissed.

So ordered.

Mr. Chief Justice SPRAGUE did not participate in the foregoing decision.