[L. A. No. 2300.   Department Two.—August 24, 1909.]

# E. C. PECK, Appellant, v. O. A. STASSFORTH et al., Respondents.

STREET IMPROVEMENT—ERRONEOUS NAMING OF STREET.—Where a resolution of intention for a street improvement, and all subsequent proceedings based thereon, fail to designate the street by its proper legal name, the adjoining property-owners are not charged with notice of the proposed work, and an assessment therefor is void.

ID.—RECORDING OF MAP—ACCEPTANCE OF DEDICATION—STREET DESIGNATED BY PARTICULAR NAME—LEGAL NAME OF STREET.—Where a map of a tract of land within the limits of a municipality is recorded, showing a street therein designated by a particular name, such action amounts to an offer of dedication of the street to the public, and the subsequent acceptance by the municipality of the offer, confers upon the street the legal name indicated on the map.

ID.—NAME CHANGED ON SUBSEQUENT MAP—SUBSEQUENT CHANGE OF NAME BY MUNICIPALITY.—The subsequent recording of a second map by other parties of a portion of such tract, in which such street and its continuation was designated by a different name, did not operate to change the name of the street as delineated on the map first recorded, and a subsequent ordinance of the municipality changing the name of the street as designated on the second map did not effect a change of the name of so much of the street as was delineated and named on the first map.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Edward Winterer, and A. J. Sherer, for Appellant.

Shankland & Chandler, for Respondents.

HENSHAW, J.—This is an action to foreclose the lien of a street assessment. The complaint shows that the city council passed its ordinance of intention for the grading, graveling, curbing, etc., of "Savannah" Street. All subsequent proceedings were directed to these improvements upon Savannah Street between Fourth and Second streets. Defendants are the owners of certain lots fronting on Savannah Street, if

such be that street's true name. If such be not its true name, then the resolution of intention and all subsequent proceedings fail to charge the defendants with notice of the proposed work. The court found that Savannah Street was not the legal name of the street fronting upon defendants' property, but that the true name was Otto Street, and judgment properly passed for defendants accordingly. The facts upon which this finding is based are without conflict· In 1886 the defendants filed for record a map of their subdivision of a portion of Workman and Hellman's subdivision of block 73, Hancock's survey of the city of Los Angeles. That map showed lots from 4 to 11 inclusive upon one side of a street designated as Otto Street. In 1890 the city council of Los Angeles adopted an omnibus ordinance accepting as public streets, alleys, and parks all such streets, alleys, and parks which had been dedicated or which had been offered for dedication. Thus legally Otto Street became the name of the street upon which these lots fronted. Subsequently, in 1894, another map was filed, which was "Davin & Jullien's subdivision" of part of lots 6 and 7, block 73, Hancock's survey. This map also was duly recorded. It adopted the subdivisions into lots made in the earlier Stassforth and Hellman map, and continued the subdivisions on to adjoining lands not embraced in the Stassforth and Hellman map. Upon the Davin and Jullien map, Otto Street was named Davin Street. In 1897, the city council adopted an ordinance changing the name of Davin Street to Savannah Street. The court held, and properly, that by the resolution of 1890 Otto Street became the official name of the street in question, at least to the length and extent of the plat of Stassforth and Hellman, showing lots presumptively owned by them. The subsequent filing of the Davin and Jullien map, readopting the plat of the Stassforth and Hellman lots, but changing the name of Otto Street to Davin Street, could not legally operate to change that name as to that portion of the street shown on the Stassforth and Hellman map, whatever may have been its effect as to the name of the street fronting upon the lands which Davin and Jullien actually owned. Notice of intention to improve Savannah Street could not therefore carry notice to the property owners upon Otto Street. Moreover, these defendants deny any actual knowledge of the attempted

change in the name of the street upon which their lots fronted. The conclusion of the court, thus properly reached, necessarily rendered void the attempted lien upon defendants' property.

The defendants' answer did not deny the ownership of the land in the complaint described, but raised the issue above considered. The complaint described the land as being lots 4 and 5 of the Davin and Jullien subdivision. Lots 4 and 5 could be identified from the Davin and Jullien subdivision, and it was not incumbent therefore upon the defendants to deny ownership of this land. What they did deny, and what they sought to show and conclusively did show was that by reason of the defect in the resolution of intention above pointed out, their lands could not be charged with a lien for the street work.

Under the views above expressed, no other points call for consideration, and the judgment and order appealed from are therefore affirmed.

Lorigan, J., and Melvin, J., concurred.