[Civ. No. 745. Second Appellate District.—February 5, 1910.]

E. C. PECK, Respondent, v. PIERRE BERNARD et al., Defendants; JEANNETTE APION, Appellant.

STREET ASSESSMENT—INVALIDITY—CASES APPLIED.—*Held*, on the authority of the decisions of the supreme court in *Peck* v. *Stassforth*, 156 Cal. 201, 203, [103 Pac. 918, 919], that the street assessment involved in this cause, which is the same as that therein passed upon and held void, is invalid, and the judgment of the trial court foreclosing the same must be reversed.

ID.—OFFICIAL NAME OF STREET—RECORD OF MAP GIVING DIFFERENT NAME IMMATERIAL.—Where by resolution of the city council a street was given the official name of "Otto Street," the subsequent recording of a map of Davin & Jullien's subdivision, giving to such street the name of "Davin," cannot affect the official name of the street. It was not material who owned the property, or what effect such designation had as between the owners.

ID.—CHANGE OF MAP NAME BY CITY COUNCIL.—There being no such street as "Davin street," the attempt of the city council to change the name of "Davin street" to "Savannah street" did not affect at all the official name of "Otto street."

ID.—PROCEEDINGS FOR IMPROVEMENT OF "SAVANNAH STREET"—HOLDERS OF PROPERTY ON "OTTO STREET" NOT CONSTRUCTIVELY NOTIFIED.—Where proceedings were instituted to improve "Savannah street," the holders of property on "Otto street" who had no actual knowledge of the improvement were not constructively notified thereof.

ID.—ABSENCE OF DEMAND OR NOTICE OF ASSESSMENT—OWNER NOT ESTOPPED.—Where there was no demand or notice of the assessment before suit to foreclose the same, the owner of the property assessed is not estopped to contest its validity. The claim of estoppel can never be sustained where there is no notice.

ID.—OWNER'S PREDECESSOR NOT BOUND—ABSENCE OF PROOF.—The contention that the owner's predecessor was bound is not sustainable, where the bill of exceptions shows that no evidence was introduced to show that he ever owned the lot in question, or any property fronting on "Otto street" or "Savannah street."

APPEAL from a judgment of the Superior Court of Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, for Appellant.

A. J. Sherer, and Edward Winterer, for Respondent.

THE COURT.—This appeal involves the validity of the same street assessment considered by the supreme court, in the two cases Nos. 2300 and 2301, and therein held to be void. For the reasons given in the opinion of Department Two of that court, filed August 24, 1909, in appeal No. 2300 (156 Cal. 201, 203, [103 Pac. 918, 919]), the judgment of the trial court directing a foreclosure of the lien based upon that assessment and directing a sale of the premises described is reversed.

A petition for a rehearing of this cause was denied by the district court of appeal on March 7, 1910, and the following opinion was then rendered thereon:

THE COURT.—Respondent petitions for a rehearing of this appeal on the ground that the decisions of the supreme court in *Peck* v. *Stassforth,* Nos. 2300 and 2301 (156 Cal. 201, 203, [103 Pac. 918, 919]), are not applicable to this case because the lot of appellant was identified by being named as lot 12 of Davin & Jullien's subdivision, and the street in question is called Davin on the plat of that subdivision introduced in evidence. We read the decisions mentioned as holding, in effect, that Otto street became the official name of the street in question in 1890 by a resolution of the common council of the city of Los Angeles, and that the recording of the map of the Davin & Jullien subdivision in 1894, giving the same street the name of Davin, did not operate to change the name to Davin. In the application of this rule it was not material who owned the property. There being no such official street as Davin, but the street called by some persons by that name being officially designated Otto street, the attempt of the city council to change Davin to Savannah street did not affect the official name of Otto street at all. Therefore, the property owners on Otto street received no constructive notice that any improvements were being made on that street by any proceeding taken with reference to Savannah street. . The appellant, who is not contradicted, testified that she had no actual knowledge of the improvement until after the commencement of the suit, and that no demand was ever made upon her for the payment of any assessment, and that the lot has always been vacant and un-

occupied. The claim of estoppel can never be sustained where there is no notice. The further point made by the petition, that appellant is bound by any act of E. R. Fox as her predecessor in title, is repugnant to the express statement in the bill of exceptions: ''No evidence was offered by the plaintiff, or by any person, that E. R. Fox ever owned lot 12 of said Davin & Jullien's subdivision, or any property fronting on said Otto street or Savannah street, in said city of Los Angeles.''

Petition for rehearing is denied.