[Civ. No. 40. Fourth Appellate District.—January 18, 1930.]

BAYSIDE LAND CO. (a Corporation), Respondent, v. R. E. DOLLEY et al., Appellants.

254

Burr A. Brown for Appellants.

Nelson & Burns for Respondent.

MARKS, J.—The appellant city of Seal Beach is a municipal corporation of the sixth class, situated within the county of Orange, state of California, and the other appellants composed its board of trustees, at all times material to this proceeding. Respondent is a corporation that owned about seven hundred lots within the city of Seal Beach, of which at least a large number were subjected to the assessment sought to be voided by the writ of review granted by the trial court herein. For convenience we will refer to the city of Seal Beach as the city, and the individual appellants as the board of trustees.

On April 7, 1927, the board of trustees passed a resolution whereby it instituted proceedings to abate noxious and dangerous weeds upon certain lots within the city, under an act of the legislature of the state of California approved May 26, 1915 (Stats. 1915, p. 841), which we will refer to as the Weed Abatement Act. The proceedings were taken to the point of receiving the report and assessment of the street superintendent by the board of trustees, without objection on the part of property owners. Respondent filed its protest to this report and assessment, which was overruled by the board of trustees, and the report and assessment were confirmed.

Respondent secured an alternative writ of review from the court below upon the ground that the board of trustees was without jurisdiction to confirm the assessment. Upon the return day fixed in the alternative writ appellants filed a general and special demurrer to the petition of respondent, which was overruled. Appellants declined to answer or make further return to the petition, and judgment was rendered against them directing a peremptory writ to issue annulling the assessment.

The record before us consists of the petition, demurrer, order overruling the demurrer, judgment, order for transcript and notice of appeal, besides affidavits of mailing. Where, as in this case, the record contains no formal return to the alternative writ, other than a demurrer,

it must be considered as adopting the allegations of the petition as a return and as a part of the judgment-roll (*Stoner* v. *City of Los Angeles,* 8 Cal. App. 607 [97 Pac. 692].) The allegations of the petition, therefore, constitutes the only record before us from which we may attempt to determine the jurisdiction of the board of trustees to make the order confirming the report and assessment of the street superintendent.

The Weed Abatement Act does not seem to have been construed by any of the courts of appeal of this state. A study of the act would indicate the following general steps necessary to legally levy an assessment to pay the cost of removing the weeds described in section 1 of the act. First, the board of trustees must, by resolution, declare such weeds to be a public nuisance, and shall describe the street, or streets, along which the work is to be done, by the name under which it, or they, are commonly known, and describe the property upon, or in front of, which the nuisance exists, by the lot and block number of the same according to the official map or the assessment map of such municipality. Second, after the passage of the resolution, the street superintendent shall cause to be posted a notice, in the form prescribed in the act, in front of the property on, or in front of which such nuisance exists, at a distance of not more than one hundred feet apart and not less than three in all. The notice must give a time and place for the hearing of protests of property owners, and must be posted at least five days prior to such hearing. Third, at the time fixed the legislative body must hear and consider all objections or protests, and shall allow or overrule any or all of the same. The act provides that the legislative body shall be deemed to have acquired jurisdiction of the proceedings at this point. Fourth, after the disposition of protests, if any, the legislative body of the municipality shall order the street superintendent to abate the nuisance and he is authorized to enter upon private property so to do. Any property owner is given the right to remove the weeds at his own expense prior to the arrival of the superintendent of streets to do such work. This would seem to give the property owner an opportunity to escape an assessment on his property if he so desired. Fifth, the street superin-

tendent is required to keep an account of the cost of abating such nuisance on, or in front of, each separate lot or parcel of land where work is done and shall render an itemized report in writing to the legislative body showing the cost of removing such weeds on, or in front of, or both, of each separate lot. A copy of such itemized report must be posted on or near the chamber door of the legislative body for at least three days prior to its submission to such body for confirmation, together with a notice of the time when it will be so submitted. The act does not provide who shall give such notice. Sixth, at the time fixed in the notice, any owner whose property is liable to be assessed may protest. The legislative body must hear and consider such protests, and may make such modifications thereof as may be deemed necessary, after which the report, or the report as modified, must be confirmed. The amount of the cost of the removal of the weeds upon, or in front of, the respective parcels of land shall constitute a special assessment against, and a lien upon, each of such parcels, such assessment to be collected by the tax collector of the municipality at the same time and in the same manner as the ordinary municipal taxes. This summary of the Weed Abatement Act is of necessity very general, and is only particularized to such an extent as to enable us to consider the objections raised to the assessment in the case before us.

A writ of review can only be employed to review the proceedings of a court or other body acting in a judicial capacity beyond its jurisdiction. In this case the writ is directed to the resolution of the board of trustees overruling the protests and confirming the report and assessment of the street superintendent. Under various local improvement acts of this state, similar proceedings before boards of supervisors and legislative bodies of municipalities have been held judicial actions and subject to review in proceedings such as the one before us (*Federal Con. Co.* v. *Curd,* 179 Cal. 489 [2 A. L. R. 1202, 177 Pac. 469]; *People* v. *Sacramento Drainage Dist.,* 155 Cal. 373 [103 Pac. 207]; *Wulzen* v. *Board of Supervisors,* 101 Cal. 15 [40 Am. St. Rep. 17, 35 Pac. 353]; *Cutting* v. *Vaughn,* 182 Cal. 151 [187 Pac. 19].) We therefore hold that the board of trustees of the city of Seal Beach acted

in a judicial capacity in hearing and acting upon the protest of respondent to the report of the street superintendent and his assessment of the cost of removing weeds from on, or in front of, respondent's lots. It appears from the petition that on April 7, 1927, the board of trustees passed the first resolution under the Weed Abatement Act. It is alleged that thereafter the street superintendent of the city caused to be posted a notice to destroy weeds, which notice failed to describe some sixty-three lots belonging to respondent from which the weeds were subsequently removed and which lots were assessed to pay the cost thereof. The Weed Abatement Act does not require the lots to be particularly described in the notice. They must be described in the resolution and the notice must refer to the resolution for a particular description of the property. ■ Of course, if the lots in question were not described in the resolution, the board of trustees would have no power or authority to cause the weeds to be removed or the cost to be assessed on the property. Such an act would exceed the jurisdiction of the board, as the property owner must have notice of the proceeding and the right to protest. Any attempt to assess property without such notice, where the property may be sold upon default of the payment of such assessment, would be in violation of article I, section 13, of the Constitution of California and the Fourteenth Amendment to the Constitution of the United States, which provide that no person shall be deprived of property without due process of law (*Brookes* v. *City of Oakland,* 160 Cal. 423 [117 Pac. 433]; *Peck* v. *Bernard,* 12 Cal. App. 558 [108 Pac. 55]). There is nothing in the record to show whether or not the resolution was in form to give such notice to the property owner. If such notice was not given, the assessment on these sixty-three lots must fail. We intend to express no opinion of the effect of such an omission, if such there was, upon the balance of the assessment.

■ The proceedings are further attacked upon the ground that the board of trustees failed to post a copy of the itemized report of the street superintendent on, or near, the door of the council chamber, together with a notice of the time and place of the hearing of such report at least three days prior to the submission of the report to the board.

The act does not impose upon the board of trustees the duty of posting the report or giving such notice. The report must be posted and the notice given prior to its being submitted to the board, which would indicate that the duty should be performed by some other authority, presumably the street superintendent, in whose possession the report would seem to remain until its submission to the board.

■ Respondent attacked the proceeding upon the further ground of an alleged erroneous assessment of the property by the street superintendent. It is alleged that instead of keeping an actual account of the cost of removing the weeds from in front of and on each parcel of ground, he took the total cost of removing the weeds from on and in front of all the lots and divided this figure by the total number of lots affected, reaching the result of $1.85, which sum he assessed against each lot. This mode of assessment is not contemplated by the act. Each lot should bear the cost of removing the weeds on and in front of it. It may be assumed here that the board of trustees should not have confirmed the assessment in the form submitted by the street superintendent. However, this defect cannot be reached in this proceeding. It is at most an erroneous judgment of the board of trustees, and is not a void act if jurisdiction of the proceedings were obtained by it. (*Larsen* v. *San Francisco,* 182 Cal. 1 [186 Pac. 757]; *Hutchinson* v. *Coughlin,* 42 Cal. App. 664 [184 Pac. 435]; *Barber* v. *San Francisco,* 42 Cal. 630.) Respondent has other remedies to protect itself against such an assessment if the method of its levy is correctly set forth in the petition.

The judgment is reversed, with directions to the trial court to take appropriate action in conformance herewith.

Sloane, P. J., and Barnard, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1930.