[Civ. No. 2416.   Fourth Appellate District.—March 29, 1939.]

DR. GERALD K. NIDER, Petitioner, v. F. A. HOMAN, City Commissioner of Public Safety and Welfare, etc., et al., Respondents.

Rae B. Carter for Petitioner.

C. M. Ozias, City Attorney, for Respondents.

MARKS, J.—This is an original proceeding here for a writ of mandate. The alternative writ required F. A. Homan, Commissioner of Public Safety and Welfare and Ex-officio Mayor of the City of Fresno, to reinstate petitioner to the office of city physician of the city of Fresno, and William Glass, Commissioner of Finance of the city of Fresno, to pay his salary since his removal from office by Homan, or in the alternative, to the City Commission of the city of Fresno and its members, to set the charges filed by Homan against petitioner down for hearing and trial, or in both instances to show cause why these acts should not be done.

An appeal involving the same situation which is before us here has been this day decided, *post,* page 21 [89 Pac. (2d) 135]. In that case the superior court issued a writ of prohibition preventing Homan from sitting on the City Commission during the trial of his charges against Nider. We reversed that judgment on the sole ground that a writ of prohibition could be issued only to restrain the defendants in that case from exceeding their jurisdiction; that as there were at least four members of the commission who were qualified to sit at the hearing they had jurisdiction to do so; that Homan's presence on the commission could not affect its jurisdiction to try the charges. His presence there would only constitute error.

Fresno is a municipal corporation organized and existing under a charter. (Stats. 1921, p. 1823.) Its legislative body is the City Commission. F. A. Homan is Commissioner of Public Safety and Welfare and Ex-officio Mayor of the city. The City Commission is composed of the mayor and four other members.

Petitioner's office fell within the classification in the charter of the "exempted service". It does not come within the civil service. Hearing and determination of complaints against and removals from offices of those within the exempted service come within the jurisdiction of the City Commission. (Sec. 22, art. 3, City Charter.)

About August 26, 1938, Homan signed and filed with the City Commission written charges accusing petitioner of specific acts of misconduct and removing him from office.

About August 31, 1938, petitioner filed his verified denial of the charges. As required in the charter, he was notified of the time and place of hearing. The notice also informed him that the charges against him would be heard before the entire City Commission, including Homan. Petitioner filed his verified objections to Homan sitting and participating in the hearing on the ground that he, being the accuser, was disqualified from acting as one of the triers of fact at such hearing.

The City Commission refused to proceed with the hearing without Homan's presence and this proceeding followed. The principal question argued by counsel is this: Does the fact that Homan, having filed the accusation against petitioner and having removed him from office, disqualify him from sitting on the City Commission during the trial of petitioner on that accusation and from voting on petitioner's guilt or innocence at the conclusion of that trial?

We have been cited to no case and have found none in California which precisely answers this question. There are numerous cases from other jurisdictions on that subject. They are in hopeless conflict.

A much cited case is *State* v. *Common Council of Superior,* 90 Wis. 612 [64 N. W. 304]. In that case it was held that the common council of the village of Superior did not sit in a judicial but in an administrative capacity in trying charges against the mayor, which charges, if sustained, might result in his removal from office. For that reason it was held that a councilman preferring the charges against the mayor was not disqualified from sitting at the hearing and voting on the charges.

A few years after the decision of *State* v. *Common Council of Superior, supra,* the Supreme Court of Wisconsin had be-

fore it a quite similar question and by a divided court came to the opposite conclusion. The common council of the town of Rushford had before it the revocation of a liquor license because the licensee had sold liquor to a minor. The court had before it the question of the disqualification of the chairman of the common council to participate in the trial of the charges because he had employed the minor to purchase the liquor from the licensee. The Supreme Court of Wisconsin held that the trial of the charges before the common council was a *quasi*-judicial proceeding and that the chairman of the common council was disqualified to participate in the hearing because " 'the rule is very plain that no man can be plaintiff or prosecutor in any action, and at the same time sit in judgment to decide that particular case, either in his own case, or in any case where he brings forward the accusation or complaint on which the order is made'. Id. (*The Queen* v. *County Council*, 1. Q. B. 190) 195, 196; *Leeson* v. *General Council*, 43 Ch. Div. 379." (*State* v. *Bradish*, 95 Wis. 205 [70 N. W. 172, 37 L. R. A. 289].)

In the case of *State* v. *Houser*, 122 Wis. 534 [100 N. W. 964], the Supreme Court of Wisconsin returned to the rule announced in *State* v. *Common Council of Superior, supra.*

In *State* v. *Wells*, 210 Mo. 601 [109 S. W. 758], the court held that where the provisions of a city charter imposed on the mayor the duty of seeing that the laws were properly enforced, the fact that his secretary preferred charges against another city official would not disqualify the mayor from hearing those charges and from participating in the trial.

*State* v. *Burney*, 269 Mo. 602 [191 S. W. 981], is to the effect that an officer preferring charges could sit on the trial board at the hearing of those charges. This conclusion seems to be based on the opinion of the court that in conducting the trial the board of commissioners acted in an administrative rather than in a judicial or *quasi*-judicial capacity.

In *Hawkins* v. *Common Council*, 192 Mich. 276 [158 N. W. 953, Ann. Cas. 1917E, 700], it appears that a committee of the common council had preferred charges against a city treasurer with the view of removing him from office. The court announced, as a general rule, that the fact that the charges were prepared by this committee did not disqualify its members from sitting as members of the common council

during the trial of the charges. This is followed by the statement that it is essential that those councilmen sitting at the trial "be qualified to act fairly and impartially, without prejudice, personal interest, or ill feeling towards the accused". The order of the common council removing the treasurer from his office was annulled, one of the grounds of annulment being that during the hearing three councilmen showed bias and prejudice against the accused. In weighing the effect of this case it should be observed that the total number of councilmen and the total number on the committee preferring the charges does not appear. Thus the applicability of the rule of necessity, to which we will shortly advert, cannot be determined.

In the case of *Rutter* v. *Burke*, 89 Vt. 14 [93 Atl. 842], it was held that a city council exercised judicial or *quasi*-judicial functions when hearing and passing upon charges against a city employee; that the mayor who filed the charges and prosecuted them as required by the law of Vermont, was not disqualified from sitting as a member of the trial board because he was also the accuser and prosecutor; that his conduct in his capacity as juror and judge must have been free from bias and prejudice. The order of the council dismissing the employee was annulled.

■ It is settled in California that local boards (not boards of statewide authority) may act in a judicial capacity as a *quasi*-judicial body. (*Wulzen* v. *Board of Supervisors*, 101 Cal. 15 [35 Pac. 353, 40 Am. St. Rep. 17]; *Croly* v. *City of Sacramento*, 119 Cal. 229 [51 Pac. 323]; *Imperial Water Co.* v. *Board of Supervisors*, 162 Cal. 14 [120 Pac. 780]; *Rigdon* v. *Common Council*, 30 Cal. App. 107 [157 Pac. 513]; *Norman* v. *Cogswell*, 82 Cal. App. 159 [255 Pac. 251]; *Bayside Land Co.* v. *Dolley*, 103 Cal. App. 253 [284 Pac. 479].) In the Croly case it was held that when a board of trustees sits at the hearing of charges against a city officer the board is acting in a *quasi*-judicial capacity. *Garvin* v. *Chambers*, 195 Cal. 212 [232 Pac. 696], is to the same effect.

In *Quinchard* v. *Board of Trustees*, 113 Cal. 664 [45 Pac. 856], it is said:

"The distinction between a judicial and a legislative act was pointed out by Field, J., in *Sinking-Fund Cases*, 99 U. S.

727, 761 [25 L. Ed. 504], as follows: 'The one determines what the law is, what the rights of parties are with reference to transactions already had; the other prescribes what the law shall be in future cases arising under it.' "

In *Imperial Water Co.* v. *Board of Supervisors, supra,* it was said:

"It does not follow, however, that where the legislature delegates such power to a local board and provides that it can be exercised only upon certain conditions and upon the ascertainment of certain facts by such board, after a notice and hearing to parties interested, that the proceeding thus authorized is not of a judicial character. Although such boards do not have the character of an ordinary court of law or equity, they frequently are required to exercise judicial functions in the course of the duties enjoined upon them. In *Robinson* v. *Board of Suprs.,* 16 Cal. 208, the court says: 'It is sufficient if they are invested by the legislature with power to decide on the property or rights of the citizen. In making their decision they act judicially whatever may be their public character.' There are many decisions to the same effect. (*People* v. *Supervisors,* 8 Cal. 58, 61; *People* v. *Supervisors,* 10 Cal. 344; *Eldorado County* v. *Elstner,* 18 Cal. 144, 149; *Murray* v. *Board of Suprs.,* 23 Cal. 492, 494; *Miller* v. *Board of Suprs.,* 25 Cal. 93, 97; *Keys* v. *Marin Co.,* 42 Cal. 252, 254; *Smith* v. *Strother,* 68 Cal. 194, 196 [8 Pac. 852]; *Wulzen* v. *Board of Suprs.,* 101 Cal. 15, 24 [40 Am. St. Rep. 17, 35 Pac. 353].) Where in a proceeding before such a board a public notice is required to be given, and a hearing of objections or protests to the contemplated action is provided for, and the order to be made thereon is one which affects the property or rights of the citizen, the proceeding is usually held to be judicial and subject to be reviewed on *certiorari.*"

Petitioner was removed from office upon charges filed and an order made by Homan under the charter of the city of Fresno. He filed a denial of the charges and it then became the duty of the city commissioners to set the cause for hearing, take evidence and determine the truth or falsity of the charges. If Nider be found not guilty it will be the duty of the commissioners to reinstate him in his office.

Under the decisions already cited it would seem clear that the City Commission will act in a judicial capacity in conducting the hearing, in making its findings on the evidence produced and in pronouncing its judgment. (See *Garvin* v. *Chambers, supra.*) It follows that little weight can be given here to those cases from other jurisdictions holding that a member of the trial board who filed charges to be tried is not disqualified to sit on the board during the trial because the board acts in an administrative and not in a *quasi*-judicial capacity.

The Michigan and Vermont cases which uphold the right of the accuser to sit during the trial were also firm in enforcing the rule that such member of the trial board must act fairly and impartially and without any bias against the accused. These cases go no further than holding that the filing of the charges is not in itself sufficient evidence of bias or prejudice of the accuser to disqualify him from sitting on the trial board. Thus they merely announce rules of evidence prevailing in those states.

■ The general rule adopted in a majority of jurisdictions is called the rule of necessity. It is thus stated in 39 A. L. R., page 1476:

"By the great weight of authority, a judge or an officer exercising judicial functions may act in a proceeding wherein he is disqualified by interest, relationship, or the like, if his jurisdiction is exclusive and there is no legal provision for calling in a substitute, so that his refusal to act would prevent absolutely a determination of the proceeding." The numerous cases there cited fully sustain the text.

This rule of necessity has been adopted in California. (*Federal Const. Co.* v. *Curd*, 179 Cal. 489 [177 Pac. 469, 2 A. L. R. 1202].)

In a majority of the states it is held that where a board or commission exercises *quasi*-judicial functions in the trial of charges filed by a member against another, and where the absence of the accuser does not destroy the power of the board to try the charges, the rule of necessity does not apply and the accuser may not sit during the trial. (39 A. L. R. 1479 et seq., and cases cited.)

Respondents rely upon the case of *People* v. *Common Council*, 85 Hun, 601 [33 N. Y. Supp. 165], where it was

held that the filing of an accusation by a member of the council did not disqualify him from sitting and acting on that body during the trial of the charges. The rule announced in that case no longer prevails in New York. (*People* v. *Board of Trustees of Village of Saratoga Springs,* 4 App. Div. 399 [39 N. Y. Supp. 607]; *Wilcox* v. *Supreme Council,* 210 N. Y. 370 [104 N. E. 624, 52 L. R. A. (N. S.) 806]; *People* v. *Waldo,* 212 N. Y. 156 [105 N. E. 961].) The present rule in New York is thus stated in the fairly recent case of *Eigo* v. *Wheeler,* 248 App. Div. 53 [289 N. Y. Supp. 34], as follows:

" 'Where it is so provided by statute and it is necessary for a person either individually or as a member of a board to act in a judicial capacity to prevent injustice and to maintain reasonable discipline in the department of which he is a member, the action of such person should be and is upheld although it results in his being both accuser and judge or passing upon a question of fact about which he has personal knowledge.

" 'When it is not necessary so to act, the opposite rule should and does prevail.' "

The following cases also support those already cited which disqualify the accuser from sitting on the trial board under circumstances where the rule of necessity does not apply: *State* v. *Board of Education,* 19 Wash. 8 [52 Pac. 317, 67 Am. St. Rep. 706, 40 L. R. A. 317]; *State* v. *Aldridge,* 212 Ala. 660 [103 So. 835, 39 A. L. R. 1470]; *State* v. *Averill,* (Tex. Civ. App.) 110 S. W. (2d) 1173; *Stockwell* v. *White Lake,* 22 Mich. 341; *Metsker* v. *Whitsell,* 181 Ind. 126 [103 N. E. 1078]; *Craft* v. *Davidson,* 189 Ky. 378 [224 S. W. 1082]; *State* v. *Crane,* 36 N. J. L. 394.

While we know of no California case deciding the question before us, there is some *dicta* on it.

In *Grosjean* v. *Board of Education,* 40 Cal. App. 434 [181 Pac. 113], the superintendent of schools of San Francisco filed charges against Grosjean which were heard by the school board of which the superintendent was *ex officio* a member. Concerning his disqualification to sit on the trial board the court remarked: "Such an objection might in a proper case prove effectual", but that such disqualification could not be urged in that case because the school superintendent "did

not in fact sit or act as a member of the board in the final determination thereon.''

In *Butler* v. *Scholefield,* 54 Cal. App. 217 [201 Pac. 625], charges were filed against Butler, county engineer, seeking to have him removed from office. It was the duty of the board of supervisors, of which Scholefield was a member, to hear and pass on the charges. Butler sought a writ of prohibition to prohibit the supervisors from hearing the charges, alleging, among other things, that Scholefield, a member of the board, had procured the filing of the charges by Ford P. Gage and Maurice Leavitt. A demurrer to the petition was sustained and the writ denied. The correctness of this decision cannot be questioned. A writ of prohibition can only issue when a board is acting *quasi* judicially without or in excess of its jurisdiction. (Sec. 1102, Code Civ. Proc.; *Croly* v. *Board of Trustees of Sacramento, supra; Whitten* v. *California State Board,* 8 Cal. (2d) 444 [65 Pac. (2d) 1296, 115 A. L. R. 1].) Without Scholefield there were four members of the board of supervisors qualified and with jurisdiction to act. The disqualification of Scholefield could not affect that jurisdiction. It is obvious that any remarks by the court on Scholefield's disqualification were pure *dicta.*

The case of *Dyment* v. *Board of Medical Examiners,* 93 Cal. App. 65 [268 Pac. 1073], involved charges that one member of the respondent board which revoked Dyment's license to practice medicine was prejudiced against Dyment. It does not appear who preferred the charges. A demurrer to the petition for a writ of *certiorari* was properly sustained. (*Standard Oil Co.* v. *State Board of Equalization,* 6 Cal. (2d) 557 [59 Pac. (2d) 119]; *Drummey* v. *State Board,* 13 Cal. (2d) 75 [87 Pac. (2d) 848].) While in the Dyment case the court discussed the question of disqualification of a member of the board because of prejudice a determination of that question was not necessary for a decision of the case. Furthermore, it did not appear in that case as appears here that a member of the board had filed charges against Dyment.

In discussing the applicability of the rule of necessity, the Supreme Court in *Federal Const. Co.* v. *Curd, supra,* said:

''Conceding it to be true, as a rule of ethics, that no person or body of persons should sit in judgment in cases and pro-

ceedings in which they are interested parties; and conceding, also, that it has been frequently and properly held that the attempted violation of this ethical rule by persons presiding over causes triable in the ordinary courts of justice, amounts to a denial of due process of law to those who are injuriously affected by such denial, yet, to this there are certain exceptions which are said to spring from the necessity of the situation. The statement in general terms of the principle underlying these exceptions is to be found thus stated in 23 Cyc. 581: 'Where disqualification if permitted to prevail destroys the only tribunal in which relief may be sought and thus effectively bars the doors of justice, the disqualified judge is bound to hear and decide the cause.' "

The City Commission of the City of Fresno has five members. The charter provides (sec. 9, art. 2) that "A majority of all members shall constitute a quorum to do business." It is therefore apparent that there are four members of the commission (exclusive of Homan) who are qualified and who may conduct the hearing on the charges preferred against Nider. Therefore no occasion arises for invoking the rule of necessity here.

Were Homan permitted to sit on the commission during the trial he would appear in the capacities of a complaining witness who filed the charges, a juror to weigh the evidence, and a judge to pass sentence. Thus he would be more than a judge sitting on his own case. Good ethics should not permit him to occupy those positions. We have no hesitancy in holding that under the facts before us he is not qualified to do so.

On the record before us we do not feel called upon to decide the question of whether, because of lapse of time, the order of Homan removing Nider from his office has become void and the latter has been restored to his official position, and whether, consequently, William Glass as Commissioner of Finance of the City of Fresno should draw his warrant for pay accruing since his removal. We may discharge this portion of the writ. (*Holtum* v. *Grief,* 144 Cal. 521 [78 Pac. 11].) We conclude that Nider should receive a prompt trial of the charges filed against him and that no sufficient reason has been shown why the City Commission of the City of Fresno should not forthwith set those charges for trial.

It is ordered:

(1) That the portion of the alternative writ of mandate directed to F. A. Homan requiring him to reinstate Gerald K. Nider to the position of city physician of the city of Fresno, and to William Glass to pay Nider his salary accrued since his removal from office or to show cause why either or both of said acts should not be done, is dismissed and discharged without prejudice.

(2) That a peremptory writ of mandate issue to the City Commission of the City of Fresno requiring that body to determine and fix a date for the hearing and trial of the charges filed by F. A. Homan against Gerald K. Nider as prayed for.

Barnard, P. J., and Griffin, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1939.