[Civ. No. 2261. Fourth Appellate District.—March 29, 1939.]

DR. GERALD K. NIDER, Respondent, v. F. A. HOMAN, City Commissioner of Public Safety and Welfare, etc., et al., Appellants.

C. M. Ozias, City Attorney, for Appellants.

Rae B. Carter for Respondent.

MARKS, J.—This is an appeal from a judgment prohibiting F. A. Homan from sitting and acting, and the City Commission of the City of Fresno from permitting him to sit and act on the City Commission when that body sits as a trial board to try respondent on charges filed by F. A. Homan accusing respondent of acts of misfeasance and malfeasance in office, which, if proved, would cause him to be permanently removed as city physician of the city of Fresno.

Fresno is a municipal corporation organized and existing under a charter. (Stats. 1921, p. 1823.) Its legislative body is called the City Commission of the City of Fresno. F. A. Homan is Commissioner of Public Safety and Welfare and Ex-officio Mayor of the City of Fresno. The City Commission is composed of the mayor and four other members.

Respondent's office falls within the classification in the charter of "exempted service" and does not come under civil service. Hearing and determination of complaints against, and removals of those within the exempted service come within the jurisdiction of the City Commission. (Sec. 22, art. 3, City Charter.)

About August 26, 1938, Homan, in his official capacity, signed and filed with the City Commission written charges accusing respondent with specific acts of misconduct and removing him from office.

About August 31, 1938, respondent filed his verified denial of the charges against him. He was notified of a time and place of hearing and that the charges against him would

be heard before the entire City Commission including his accuser. Respondent then filed verified objections to Homan sitting and participating in the hearing on the ground that he, being the accuser, was disqualified from acting as one of the triers of fact at such hearing. As Homan refused to disqualify himself, and as he proposed to sit and act as a commissioner at the trial of respondent, this action was brought against Homan and the City Commission of the City of Fresno seeking a writ of prohibition restraining Homan from sitting as a member of the commission trying the charges against respondent.

In California a writ of prohibition can only issue when a court, board or tribunal proposes to act in excess of its jurisdiction. (Sec. 1102, Code Civ. Proc.)

In *Croly* v. *City of Sacramento,* 119 Cal. 229 [51 Pac. 523], it appears that the charter of that city vested jurisdiction in its board of trustees to try charges against city officers. The board of trustees proposed to try Croly, its street superintendent, on charges filed against him by a citizen. Croly filed an action seeking a writ of prohibition restraining the board of trustees from proceeding with the hearing. The Supreme Court affirmed the judgment denying Croly the writ on the ground that the city charter gave to the board of trustees the power to sit in a *quasi*-judicial capacity and try charges; that those provisions gave that body jurisdiction to try those charges; that having such jurisdiction a writ of prohibition would not issue. (See, also, *Whitten* v. *California State Board,* 8 Cal. (2d) 444 [65 Pac. (2d) 1296, 115 A. L. R. 1]; *Drummey* v. *State Board,* 13 Cal. (2d) 75 [87 Pac. (2d) 848].)

We believe the Croly case decisive of the issues presented here. The charter of the city of Fresno gives the City Commission the power (jurisdiction) to try the charges against respondent. Section 9 of article 2 of the charter provides that "a majority of all members shall constitute a quorum to do business". It follows that three members of the commission can try the charges here involved. Excluding Homan, there remain four members competent to sit in the matter and proceed with the hearing. They possess the necessary jurisdiction to hold the trial.

The presence of a fifth disqualified member of the commission sitting at the trial might be serious error but it could not deprive the commission of jurisdiction to hear the case. Mere error does not warrant the issuance of a writ of prohibition.

The judgment is reversed with directions to the trial court to enter judgment for appellants.

Barnard, P. J., and Griffin, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1939.